# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 16-2232

JUAN RAMON VENTURA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 16, 2017                          Decided: May 30, 2017

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Jordan G. Forsythe, CAULEY FORSYTHE LAW GROUP, Charlotte, North Carolina, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Kiley Kane, Senior Litigation Counsel, Lynda A. Do, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Ramon Ventura, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing Ventura's appeal from the immigration judge's order finding that he was statutorily ineligible for Temporary Protected Status ("TPS"), 8 U.S.C. § 1254a (2012), and ordering him removed to El Salvador. We dismiss the petition for review in part and deny it in part.

In addition to restating in this court the same line of argument that he advanced in his administrative proceedings, Ventura expands his argument to include two new contentions that were not presented to the Board. We lack jurisdiction to consider the arguments that Ventura advances for the first time in this court. *See* 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); *Kporlor v. Holder*, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)).

As for those contentions that were administratively exhausted, and thus over which we have jurisdiction, we have reviewed the parties' arguments in conjunction with the record and the relevant authorities. We discern no error in the agency's conclusion that Ventura was statutorily ineligible for TPS because his North Carolina convictions for driving while his license was revoked, *see* N.C. Gen. Stat. § 20-28(a) & (a1) (2015), were misdemeanors for immigration purposes, *see* 8 U.S.C. § 1254a(c)(2)(B)(i); 8 C.F.R. § 1244.1 (2017); *see also* N.C. Gen. Stat. § 15A-1340.23(c) (2015).

Accordingly, we dismiss the petition for review in part for lack of jurisdiction and deny it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*